# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANTONIO SANCHEZ FRANKLIN,

          Petitioner, :          Case No. 3:12-cv-312

     - vs -                                     District Judge Timothy S. Black
                                                    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

          Respondent. :

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY

      This capital habeas corpus case is before the Court on Petitioner's Motion for Discovery (Doc. No. 9). The warden has opposed the Motion (Doc. No. 10) and the Petitioner's time to file a reply in support expired February 19, 2013, without any reply being filed.

      Petitioner is also a plaintiff in *In re: Ohio Execution Protocol Litigation*, Case No. 2:11-cv-1016, a case challenging Ohio's lethal injection protocol under 42 U.S.C. § 1983. As an alternative to discovery in this habeas corpus case, Petitioner seeks to supplement the record here with discovery already obtained and to be obtained in that case (Motion, Doc. No. 9, PageID 97). Petitioner further requests that this case be stayed until discovery is complete in that case. *Id.*

      A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).

      Without elaborating at length on the standard for discovery in habeas corpus, it appears

from the Motion that Petitioner is obtaining all of the discovery he seeks in the § 1983 litigation. Certainly there is no need for him to obtain the information twice and he asserts no need to expand the scope of discovery in this case beyond what Judge Frost has allowed in the Litigation Protocol case. Accordingly, the Motion for Discovery is DENIED without prejudice to its renewal if the discovery posture of the Litigation Protocol case changes.

Secondly, it is premature to decide to expand the scope of the record here to include material not yet identified and not yet shown to be material to a decision of this habeas corpus case. To the extent the Motion seeks expansion of the record, it is DENIED without prejudice to its renewal upon identification of specific evidence needed to establish Petitioner's entitlement, if any, to habeas corpus relief.

Finally, that portion of the Motion seeking a stay of these proceedings pending completion of discovery in the Litigation Protocol case is also denied. Petitioner has not yet demonstrated that decision of this habeas corpus case depends on the discovery record from the Litigation Protocol case or that at least some portions of this litigation cannot properly proceed in parallel.

The Court further notes that Petitioner's time to file a reply to the Return of Writ in this case expired on December 26, 2013, but no reply has been filed (See Doc. No. 5). Counsel for Petitioner shall advise the Court forthwith whether they intend to file a reply and why it was not filed within the time allowed by the Order for Answer.

February 28, 2013.

                                                             s/ *Michael R. Merz*
                                                         United States Magistrate Judge