# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANTONIO SANCHEZ FRANKLIN,

        Petitioner,   :        Case No. 3:12-cv-312

    - vs -                      District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

        Respondent.   :

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on the Warden's Motion to Dismiss in light of *Glossip v. Gross* (ECF No. 15).  Franklin opposes the Motion (ECF No. 17) and the Warden has filed a Reply in support (ECF No. 18).

Motions to dismiss involuntarily are "dispositive" within the meaning of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, requiring a report of proposed findings and recommendations for decision from an assigned Magistrate Judge.

Franklin pleads the following Grounds for Relief, both of which are directed at lethal injection:

> **First Ground for Relief:**  Franklin's execution will violate the Eighth Amendment because Ohio's lethal injection policy, protocols and procedures will result in cruel and unusual punishment.

(Petition, ECF No. 2, PageID 13.)

1

> **Second Ground for Relief:** Franklin's execution will violate the Fourteenth Amendment because Ohio's lethal injection policy, protocols, and procedures will deprive him of equal protection of the law [sic] and other constitutional rights.

*Id.* at PageID 16.

In the Return of Writ, the Warden argues these claims were not cognizable in habeas corpus because they attack Ohio's then-current execution policy[1] (ECF No. 7, PageID 51). The Warden noted that Franklin had joined other death row inmates in challenging Ohio's method of execution under 42 U.S.C. § 1983 in Case No. 2:11-cv-1016. *Id.* at PageID 50. Relying on *Hill v. McDonough*, 547 U.S. 573 (2006), the Warden argued that § 1983 litigation was the only proper forum for Franklin's claim. *Id.* at PageID 51-53.

In his Traverse, Franklin responded by distinguishing his claims made in habeas from his claims made under § 1983:

> Franklin does not challenge in this habeas action "how" his execution might be conducted, but rather, "whether" the State of Ohio will ever be able to execute him in a constitutional fashion.
>
> As Franklin's Petition laid out, his claims before this Court are that his death sentence must be vacated and a life sentence imposed because (1) the State of Ohio is unable "regardless of the policy, protocols, and procedures in effect at any given time" to administer, in any way that meets constitutional standards under the Eighth Amendment and Fourteenth Amendment, an execution by lethal injection, (Doc. 2, ¶¶ 42, 45) and (2) that Franklin's physical, mental and other individual characteristics create a real and substantial risk that he will experience serious and undue physical and/or psychological pain and an objectively intolerable risk of harm that the State of Ohio will unjustifiably ignore. (Doc. 2, ¶ 46). Thus, Franklin's claim is that not only has the State of Ohio demonstrated a past inability to devise a constitutional lethal injection plan or to carry out lethal injection executions in compliance with its own protocols, but also that the State will never be able to do so. Moreover, because Ohio's unconstitutional

---

[1] Attached to the Petition is the Ohio Department of Rehabilitation and Correction lethal execution protocol issued September 18, 2011. It has been superseded several times, most recently on June 29, 2015.

> lethal injection process is the sole method of execution in the State of Ohio, Franklin's death sentence must be vacated. Only through habeas corpus can Franklin obtain relief from a sentence that subjects him to an unconstitutional punishment. 28 U.S.C. § 2254.

(Reply, ECF No. 13, PageID 139-40, quoted in part in Response, ECF No. 17, PageID 171.)

The Warden seeks dismissal on the basis of *Glossip v. Gross*, ___U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015). In *Glossip* Oklahoma death row inmates brought a § 1983 action seeking to enjoin the use of midazolam (specified at 500 mg.) as the first drug to be administered in a three-drug lethal injection protocol. As the Supreme Court explains, Oklahoma had previously used the three-drug protocol (sodium thiopental, a paralytic agent, and potassium chloride) found constitutional by a plurality of the Court in *Baze v. Rees*, 553 U.S. 35 (2008). Because sodium thiopental and a substitute, pentobarbital, have become unavailable, Oklahoma substituted midazolam. *Glossip* was brought under 42 U.S.C. § 1983 and sought injunctive relief prohibiting the use of a 500 mg. dose of midazolam in conjunction with the other two drugs. The Supreme Court affirmed the lower courts' denial of a preliminary injunction on two bases:

> For two independent reasons, we also affirm. First, the prisoners failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of-execution claims. *See Baze v. Rees*, 553 U. S. 35, 61, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008) (plurality opinion). Second, the District Court did not commit clear error when it found that the prisoners failed to establish that Oklahoma's use of a massive dose of midazolam in its execution protocol entails a substantial risk of severe pain.

135 S. Ct. at 2731.

In the course of reaching these conclusions, the Court made this interpretation of *Hill, supra:*

> In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas

3

> corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence.

*Id*., at 579-580.

In *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), the circuit court was faced with Ohio's claim, relying on *Hill*, that the district court lacked jurisdiction in habeas corpus over a lethal injection claim. The court held:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States*, 564 F.3d 442, 446 n.8 (6th Cir. 2009). Moreover, *Hill* can be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. See 547 U.S. at 580. Thus, Adams's lethal-injection claim, if successful, could render his death sentence effectively invalid. Further, *Nelson's* statement that "method-of-execution challenges[] fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

*Id*. at 483. Relying on that language from *Adams*, this Court has consistently held it has jurisdiction in habeas over method-of-execution claims. *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, *3-8 (S.D. Ohio 2012); *Waddy v. Coyle*, 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethel v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Bobby*, 2013 U.S. Dist. LEXIS 39470,

4

*3-4 (S.D. Ohio 2013).

The Warden now argues that he won in *Glossip* what he had lost in *Adams*, relying on the language of *Glossip* interpreting *Hill*: "However, in light of *Glossip*, this Court cannot interpret *Adams* expansively." (Motion, ECF No. 15, PageID 155.)

Franklin attempts to avoid this conclusion in a number of ways. He asserts that the *Glossip* statements about the meaning of *Hill* are merely dictum (ECF No. 17, PageID 172). While that is accurate, this Court has already held that it is obliged to follow the *Glossip* dictum even if it conflicts, at least in part, with the holding in *Adams*. See *Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914 *8, n.2 (S.D. Ohio 2015).

Franklin also asserts *Glossip* misstates the holding in *Hill* (Response, ECF No. 17, PageID 172). In *Hill*, Justice Kennedy, who wrote for a unanimous Court, did not explicitly write what the Court was holding, although the syllabus reasonably reads the holding as being that Hill might proceed in civil rights and was not obliged to bring his claim in habeas. But what counts is not how this Court reads the holding, but how the Supreme Court reads its own precedent. Nothing prevents the Supreme Court from reinterpreting its prior opinions to strengthen their force.

At a time when habeas corpus jurisdiction was much more liberal, before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), the Supreme Court held a district court could not grant release from confinement in a § 1983 action because to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The AEDPA, of course, severely limited habeas jurisdiction, inter alia, by enacting a statute of limitations and the bar on second or successive petitions. *Nelson* and *Hill* should be read as acknowledging emendations on the

*Preiser* rule for conditions of execution claims of death row inmates. *Glossip* is consistent with those cases; it does not question the propriety of challenging a particular lethal injection protocol in a § 1983 action so long as the challenge would not invalidate the death sentence and the inmate proves an alternative.  Insofar as *Adams* reads *Hill* as permitting an inmate to bring the same lethal injection claim in both 1983 and habeas, it cannot survive *Glossip*.

The Petition here was filed during the time when this Court was following *Adams* to the best of its ability and allowing lethal injection claims to be brought in habeas corpus without examining closely whether the same claims were being brought in the lethal injection protocol case by the same litigants.  Furthermore, the Petition here references a superseded Ohio execution protocol and to that extent it is stale.

**Second or Successive**

The Warden's Motion raises a question in the Court's mind which the parties have not raised.  This is Franklin's second-in-time habeas petition attacking the same state court judgment. This Court's judgment on his first Petition in Case No. 3:04-cv-187 was affirmed on appeal to the Sixth Circuit, *Franklin v. Bradshaw*, 695 F.3d 439 (6th Cir. 2012), cert denied 133 S. Ct. 1724 (2013).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. § 2244(b) to read in pertinent part as follows:

> (b)
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus

> application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>
> (3)
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Recognizing this difficulty, Franklin argued in his Petition that this case was not second or successive because it contained a claim Franklin had no opportunity to raise in his first Petition (ECF No. 2, PageID 6).

> The claims he is raising herein did not exist until Ohio's execution protocol was revamped and revised into its present state, long after completion of his first-in-time habeas petition. The predicate for Franklin's claims simply did not exist until the current execution protocol was in place.

*Id.* at PageID 8.

The Warden did not contest this assertion by way of a motion to transfer the case to the Sixth Circuit, but argued in the Return of Writ that this was a second or successive application (Return, ECF No. 7, PageID 55-59). Franklin responded by admitting that he had not "raise[d] an execution methodology challenge in his first-in-time habeas petition." (Reply, ECF No. 13,

7

PageID 144.) He noted that the undersigned has allowed second-in-time method of execution petitions under the same rationale on which he based his position. *Id.* at PageID 145, citing *Sheppard v. Warden,* 2013 U.S. Dist. LEXIS 5560 (S.D. Ohio 2013), and *Smith v. Pineda,* 2012 U.S. Dist. LEXIS 171759 (S.D. Ohio 2012).

A district court does not have jurisdiction over a second or successive petition without prior permission from the court of appeals. *Burton v. Stewart*, 549 U.S. 147 (2007). However, the district court must itself decide the second or successive question in the first instance. *In re: Sheppard,* 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012). This Court held in *Sheppard* that habeas petitions raising method-of-execution claims directed at Ohio's lethal injection protocol arise when Ohio adopts a new protocol.

It is doubtful that rationale remains viable in light of *Glossip, supra*. The case draws a distinction between constitutional claims which, if successful, will invalidate a state court death sentence and constitutional claims which attack the method by which the execution will be carried out. It allows the first class of claims to be brought in habeas, but requires the latter class to be brought under 42 U.S.C. § 1983. Given that deepening of the distinction between habeas and 1983, it is difficult to see how a death row petitioner has a newly-arising habeas claim whenever the lethal injection protocol is amended and therefore not second or successive.

Because this question is jurisdictional under *Burton*, the Court is obliged to raise it *sua sponte. Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States,* 764 F.3d 653 (6th Cir. 2014).

**Conclusion**

It is therefore respectfully recommended that the Petition be dismissed without prejudice for failure to plead a claim cognizable in habeas corpus with sufficient clarity to distinguish it from the claims Franklin has made in *In re Ohio Lethal Injection Protocol Litig.* Franklin is granted leave to move to file an amended petition not later than September 30, 2015.

Should Franklin move to amend, he must restate his position on why this would not be a second or successive petition. This Court has previously allowed new lethal injection habeas petitions to avoid the second or successive bar on the basis that they were raising new claims which could not previously have been pled, based on the adoption of new lethal injection protocols by the State. But the Court questions whether that rationale can support a habeas claim that any lethal injection execution would be unconstitutional since lethal injection has been an available method of execution in Ohio and indeed the exclusive method since before Franklin filed his initial Petition.

September 10, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).