IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ANTONIO SANCHEZ FRANKLIN,

         Petitioner, :         Case No. 3:12-cv-312

  - vs -                            District Judge Timothy S. Black
                                       Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,

         Respondent. :

## DECISION AND ORDER

This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to File an Amended Petition (ECF No. 23). The Warden opposes the Motion (Memo in Opp., ECF No. 24) and the time within which Franklin could have filed a reply memorandum has expired, making the Motion ripe for decision.

A motion to amend under 28 U.S.C. § 2242 and Fed. R. Civ. P. 15 is a non-dispositive pre-trial motion on which an assigned Magistrate Judge is authorized to act, subject to appeal to the assigned District Judge.

**Procedural History**

In the summer of 1998, Antonio Franklin was convicted of aggravated murder in the deaths of three members of his family and sentenced to death. After exhausting his state court remedies, Franklin filed his first Petition for Writ of Habeas Corpus in this Court on June 1, 2004

1

(Case No. 3:04-cv-187, ECF No. 21).  As one of his Grounds for Relief, Franklin pled:

TWENTY-SEVENTH GROUND FOR RELIEF

Death Penalty Cruel and Unusual in Violation of the Eighth Amendment

> 57. The Eighth Amendment "draws its meaning from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 78 S. Ct. 590 (1958). The death penalty is a cruel and unusual punishment regardless of the form in which it is inflicted. Ohio's present choice of lethal injection is not humane and fails to meet the standards of decency required of a civilized society.

On March 9, 2009, the Court denied the writ, holding a to Ground Twenty-Seven:

> In his twenty-seventh ground for relief, Franklin contends capital punishment, regardless of the method by which it is inflicted, is cruel and unusual punishment, and that lethal injection is inhumane. (Petition, Doc. No. 21 at 32.) Both of those contentions are rejected on the authority of *Baze v. Rees*, ___ U.S. ___, 128 S.Ct. 1520 (2008), and Franklin's twenty-seventh ground for relief is denied.

*Id.* at ECF No. 104, PageID 1588.  Franklin appealed and the Sixth Circuit affirmed.  *Franklin v. Bradshaw*, 695 F.3d 439 (6th Cir. 2012), *cert denied* 133 S. Ct. 1724 (2013).

In October 2013 Franklin filed a Motion for Relief from Judgment based on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). (Case No. 3:04-cv-187, ECF No. 159.)  That Motion was denied August 25, 2014. *Id.* at ECF No. 182.  Franklin appealed and the Court granted a certificate of appealability on the issue of whether *Martinez* and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), are applicable to Ohio's system of deciding claims of ineffective assistance of trial counsel. *Id.* at ECF Nos. 207, 210.  That case remains pending on appeal to the Sixth Circuit.

The instant case is thus Franklin's second-in-time habeas application under 28 U.S.C. §

2254.  On July 14, 2015, the Warden filed a Motion to Dismiss in light of *Glossip v. Gross,* 576 U.S. ___,  135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015).  On September 10, 2015, the Magistrate Judge recommended dismissal of the Petition "without prejudice for failure to plead a claim cognizable in habeas corpus with sufficient clarity to distinguish it from the claims Franklin has made in *In re Ohio Lethal Injection Protocol Litig.*" and granted Franklin leave to move to amend, providing:

> Should Franklin move to amend, he must restate his position on why this would not be a second or successive petition. This Court has previously allowed new lethal injection habeas petitions to avoid the second or successive bar on the basis that they were raising new claims which could not previously have been pled, based on the adoption of new lethal injection protocols by the State. But the Court questions whether that rationale can support a habeas claim that any lethal injection execution would be unconstitutional since lethal injection has been an available method of execution in Ohio and indeed the exclusive method since before Franklin filed his initial Petition.

(Report and Recommendations, ECF No. 19, PageID 192.)   Neither party objected and Judge Black adopted the Report (ECF No. 22).  The instant Motion followed.

Franklin's original Petition in this case was directed at the September 18, 2011,[1] lethal injection protocol of Ohio's Department of Rehabilitation and Corrections (ECF No. 2-1, PageID 21 et seq.) and contained two grounds for relief as follows:

> **First Ground for Relief:** Franklin's execution will violate the Eighth Amendment because Ohio's lethal injection policy, protocols and procedures will result in cruel and unusual punishment.

(Petition, ECF No. 2, PageID 13.)

---

[1] Franklin asserts that it was the March 2012 injection protocol that he challenged in his Petition (Motion, ECF No. 23, PageID 387).  However, the iteration of the protocol attached to the Petition bears an effective date of September 18, 2011.  See PageID 21.

3

>**Second Ground for Relief:** Franklin's execution will violate the Fourteenth Amendment because Ohio's lethal injection policy, protocols, and procedures will deprive him of equal protection of the law [sic] and other constitutional rights.

*Id.* at PageID 16.

The proposed amended petition contains ten grounds for relief as follows:

>**FIRST GROUND FOR RELIEF:** Franklin's sentence of execution by lethal-injection under Ohio law is an invalid sentence and thus unconstitutional because Ohio's execution laws are preempted by federal law in accordance with the Supremacy Clause.
>
>**SECOND GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will violate the Eighth Amendment because any drug DRC can procure for use in lethal injections has a substantial, objectively intolerable risk of causing unnecessary, severe pain, suffering, degradation, humiliation, and/or disgrace.
>
>**THIRD GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will violate the Eighth Amendment because it causes a lingering and/or undignified death and other Eighth Amendment violations.
>
>**FOURTH GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will violate the Eighth Amendment because lack of legally available, effective drugs to conduct lethal-injection executions will result in the arbitrary and capricious imposition of the death penalty.
>
>**FIFTH GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will be a human experiment on a non-consenting prisoner in violation of the Fourteenth Amendment.
>
>**SIXTH GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will violate the Eighth Amendment because the lack of legally obtainable, effective drugs to conduct lethal-injection executions will cause psychological torture, pain and suffering.
>
>**SEVENTH GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will violate the Eighth Amendment because of the substantial, objectively intolerable risk of serious

>harm due to DRC's maladministration of Ohio's execution protocol.
>
>**EIGHTH GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will violate the Equal Protection Clause of the Fourteenth Amendment.
>
>**NINTH GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will violate the Due Process Clause of the Fourteenth Amendment.
>
>**TENTH GROUND FOR RELIEF:** Franklin's execution by lethal-injection under Ohio law will violate the Eighth Amendment because of his unique, individual physical and/or mental characteristics.

(ECF No. 23-1, PageID 406-07.)

## ANALYSIS

**Cognizability**

As he did in his prior Motion to Dismiss, Warden Robinson, in opposition to the Motion to Amend, again argues that Franklin's ten grounds for relief are not cognizable in habeas corpus because *Glossip v. Gross*, ___U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015), requires that all method-of-execution claims must be brought exclusively in a § 1983 action (Memo in Opp., ECF No. 24, PageID 531). In *Glossip* Oklahoma death row inmates brought a § 1983 action seeking to enjoin the use of midazolam (specified at 500 mg.) as the first drug to be administered in a three-drug lethal injection protocol. As the Supreme Court explains, Oklahoma had previously used the three-drug protocol (sodium thiopental, a paralytic agent, and potassium chloride) found constitutional by a plurality of the Court in *Baze v. Rees*, 553 U.S. 35 (2008). Because sodium thiopental and a substitute, pentobarbital, have become unavailable, Oklahoma

substituted midazolam. *Glossip* was brought under 42 U.S.C. § 1983 and sought injunctive relief prohibiting the use of a 500 mg. dose of midazolam in conjunction with the other two drugs. The Supreme Court affirmed the lower courts' denial of a preliminary injunction on two bases:

> For two independent reasons, we also affirm. First, the prisoners failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of-execution claims. See *Baze v. Rees*, 553 U. S. 35, 61, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008) (plurality opinion). Second, the District Court did not commit clear error when it found that the prisoners failed to establish that Oklahoma's use of a massive dose of midazolam in its execution protocol entails a substantial risk of severe pain.

135 S. Ct. at 2731.

In the course of reaching these conclusions, the Court made this interpretation of *Hill v. McDonough,* 547 U.S. 573 (2006):

> In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence.

*Id*., at 579-580.

Following *Hill* in *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), Ohio claimed, relying on *Hill*, that the district court lacked jurisdiction in habeas corpus over a lethal injection claim. The Sixth Circuit held:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be

6

> raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States*, 564 F.3d 442, 446 n.8 (6th Cir. 2009). Moreover, *Hill* can be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. See 547 U.S. at 580. Thus, Adams's lethal-injection claim, if successful, could render his death sentence effectively invalid. Further, Nelson's statement that "method-of-execution challenges[] fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

*Id*. at 483. Relying on that language from *Adams*, this Court has consistently held it has jurisdiction in habeas over method-of-execution claims. *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, *3-8 (S.D. Ohio 2012); *Waddy v. Coyle*, 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio 2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethel v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Bobby*, 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2013).

> As noted in the Report and Recommendations on the Motion to Dismiss:
>
>> The Petition here was filed during the time when this Court was following *Adams* to the best of its ability and allowing lethal injection claims to be brought in habeas corpus without examining closely whether the same claims were being brought in the lethal injection protocol case by the same litigants.

(ECF No. 19, PageID 189.)

Franklin contends this Court can still read *Adams* as broadly as it did before *Glossip* and allow the amendment. First of all, he argues the quoted sentence interpreting *Hill* is only dictum. Judge Frost rejected that argument in *Henderson v. Warden,* 2015 U.S. Dist. LEXIS 134120 (S.D. Ohio Sept. 30, 2015):

> It is well settled that "[w]hen an opinion issues for the [Supreme] Court, it is not only the result but also those portions of the opinion necessary to that result by which [courts] are bound." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 67, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). This matters because *Glossip'*s petitioners had argued that requiring them to identify an alternative method of execution contravened *Hill*, which involved the need for the majority in *Glossip* to address the meaning of *Hill*. The majority's discussion of the holding in *Hill* was therefore a necessary part of its explanation as to why the petitioners had a burden to plead a known and available alternative method of execution. Because the issue was central to the Supreme Court's holding in *Glossip*, it was not dictum.
>
> But even if the sentence at issue were indeed technically dictum, it carries with it an important part of the majority's rationale for the result the majority reaches and is thus entitled to greater weight than a stray aside tagged onto a decision. *See Seminole Tribe of Florida*, 517 U.S. at 67 (quoting *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 490, 106 S. Ct. 3019, 92 L. Ed. 2d 344 (1986)). The unavoidable fact is that a majority of the Supreme Court has now stated in unmistakable language that "[w]e held [in *Hill*] that a method-of-execution claim must be brought under § 1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence." *Glossip*, 135 S. Ct. at 2738. Justice Kennedy, the author of *Hill*, in fact joined the majority in *Glossip* without writing separately to dispute that characterization of the former case. In light of these circumstances, it is not for this Court or any other lower court to say *Hill* means otherwise than what *Glossip* said it means. Regardless of how this Court or other courts read *Hill* in the past, it is the obligation of the lower courts to comply with the teachings of a Supreme Court majority.

*Id*. at *10-11.  Judge Frost's reasoning is fully persuasive and this Court adopts it.  The question is not whether the Court's interpretation of *Hill* is dictum, but what is the most faithful reading of the Supreme Court's distinction of prisoner § 1983 claims and habeas corpus claims in light of *Glossip*.

In *Adams*, relying on *Nelson* and *Hill*, Ohio claimed that method-of-execution claims, because they can be brought under § 1983, cannot be brought under § 2254. In a brief *per curiam*

8

opinion, the Sixth Circuit rejected that conclusion and held, in the passage quoted above, that *Hill* and *Nelson's* permission to proceed in § 1983 did not logically imply a prohibition on proceeding in habeas.

*Adams* is logically correct: the fact that a claim may be brought under § 1983 does not ineluctably imply that it cannot be brought in habeas, unless the two categories are mutually exclusive. However, while the Court in *Glossip* did not overrule *Nelson* or *Hill*, it did come closer to making mutually exclusive the categories of constitutional claims about lethal injection under § 1983 and § 2254. After *Glossip*, to be properly brought in a § 1983 action, a lethal injection claim must (1) attack the method of execution rather than the validity of the conviction and (2) "identify a known and available alternative method of execution that entails a lesser risk of pain." *Glossip, supra,* at 2731, *citing Baze v. Reese*, 553 U.S. 35 (2008).

Franklin relies on the fact that his proposed amended petition does not identify an alternative or conceded that Ohio can constitutionally execute him (Motion, ECF No. 23, PageID 392). In that sense he has failed (intentionally) to plead a § 1983 method-of-execution claim in his proposed amended petition.

As to the other prong of *Glossip*, Franklin writes

> The claims in [his] proposed Amended Petition attack the validity of his death sentence, because Franklin asserts that the State cannot constitutionally execute him using any execution protocol or procedures.* Franklin's lethal-injection-habeas claims will, if successful, necessarily prevent the State from carrying out his execution via lethal-injection. The State would be left with no other way to execute Franklin therefore making his death sentence impossible to carry out under Ohio law.
>
> *Note: Franklin's lethal injection habeas challenges allege that Ohio can never carry out his execution by lethal-injection, regardless of the particular protocol or procedures it might attempt to use. (Amended Petition, Exhibit 1.)

9

(Motion, ECF 23, PageID 393-94.) The Motion makes no attempt to compare the claims proposed to be made in the amended petition with those already made in the Third Amended Omnibus Complaint in *In re Ohio Lethal Injection Protocol Litig.*, Case No. 2:11-cv-1016, the § 1983 case attacking Ohio's lethal injection protocol pending before Judge Frost in which Franklin is a plaintiff. All he does is reference all 120 pages of the proposed amended petition.

The opinion in *Adams* does not indicate what kind of constitutional claim Adams was seeking to bring in habeas, so that this Court cannot tell from the opinion whether it was a method-of-execution claim such as *Glossip* now requires be brought in § 1983 or whether it was an invalidity claim properly brought only in habeas. Because the *Adams* court did not describe the underlying claim, this Court has read *Adams* broadly and allowed lethal injection claims in habeas regardless of whether they could have been or indeed had already been made in § 1983 litigation. But neither the Supreme Court nor the Sixth Circuit has ever expressly allowed the same claim to be made at the same time in both a § 1983 case and a habeas case. Indeed, it is difficult to see how it could do so in light of *Glossip*. If a § 1983 litigant identifies an alternative available method of execution, he is foreclosed from habeas relief; if he fails to do so, he is foreclosed from § 1983 relief. Nor can the inclusion of a bare allegation that the State can never validly execute the petitioner by lethal injection, or simply omitting any reference to an alternative method of execution convert an essentially identical § 1983 method-of-execution claim into a habeas claim.

The appellate courts have yet to provide much guidance on how much detail must be pleaded in a § 2254 petition to satisfy the pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Neither party has taken the opportunity of the instant Motion to argue that question. The Court need not decide at this point

whether the proposed amended petition is sufficiently pled to meet those standards because the case must be transferred to the Sixth Circuit as a second or successive habeas petition.

**Second or Successive**

Federal courts have no jurisdiction to decide a second or successive habeas petition on the merits without prior permission from the circuit court of appeals. *Burton v. Stewart*, 549 U.S. 147 (2007). On the other hand, district courts must decide in the first instance whether a petition is second or successive. *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012). Because it is a question of subject matter jurisdiction, a district court cannot assume jurisdiction and proceed to the merits. Instead, it must raise and decide the subject matter jurisdiction question *sua sponte*. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

Franklin argues his proposed amended petition does not constitute a second or successive petition because "[t]he facts underlying his claim that lethal injection as used in Ohio is unconstitutional were not available when Franklin filed his habeas petition on June 1, 2004." (Motion, ECF No. 23, PageID 397.) He then recites a number of Ohio executions which have occurred since then "during which the inmates suffered severe and unnecessary pain."[2] *Id.* But Ohio has conducted a number of lethal injection executions, both before and after Franklin first filed on June 1, 2004, that he does not list as causing severe and unnecessary pain. On this

---

[2] He lists Joseph Clark (May 2006); Christopher Newton (May 2007); Kenneth Biros (December 2009); and the attempted execution of Romell Broom (September 2009)(Motion, ECF No. 23, PageID 397).

11

Court's docket alone, John Byrd was executed February 19, 2002; William Zuern was executed June 8, 2004; Marvallous Keene was executed July 19, 2012; and Donald Palmer was executed September 20, 2012. The Court is not suggesting that there has been any finding by any court that those persons did not suffer severe and unnecessary pain[3], but rather that Franklin does not complain of those executions. If they did not involve unconstitutional suffering, presumably Ohio could re-adopt whatever method was used in those executions and the process for getting it to do so would be a request for injunctive relief in § 1983, not a habeas claim. Or for that matter, for the executions which Franklin does but which occurred after he filed his first petition but before judgment (i.e. between June 1, 2004, and March 9, 2009), why didn't he seek to amend when they happened but before judgment?

In the past this Court has allowed amendment whenever Ohio adopted a new lethal injection protocol on the theory that a petitioner's claims at that point had "newly arisen," on analogy to *Panetti v. Quarterman*, 551 U.S. 930 (2007), and *Slack v. McDaniel,* 529 U.S. 473 (2000). But that theory can no longer stand in light of *Glossip*. Franklin's twenty-seventh claim in his first habeas case was that his lethal injection sentence was invalid. This Court rejected that claim and our judgment was affirmed. Franklin's proposed ten new claims are either the same claim as made in the first petition, in which case they must be dismissed under 28 U.S.C. § 2244(a), or they are different claims which must have the circuit court's permission to proceed under 28 U.S.C. § 2244(b). Franklin asserts his ten new claims do attack the validity of his death sentence, but that logic is completely at odds with his assertion the claims arose when Ohio adopted its newest execution protocol on the same day *Glossip* was decided, June 29, 2015.

---

[3] And conversely Franklin does not list any finding by any court that any of the executions he does list caused severe and unnecessary pain.

**Conclusion**

The Motion to Amend is DENIED and the case is ordered TRANSFERRED to the Sixth Circuit for decision by that Court under 28 U.S.C. § 2244(b) whether this case may proceed. If the Sixth Circuit allows the case to proceed, then Franklin may renew his motion to amend. Transfer to the Sixth Circuit is STAYED until District Judge Black has decided any objections which may be filed to this Order or until the time for such objections has expired, whichever is later.

November 13, 2015.

                                              s/ *Michael R. Merz*
                                           United States Magistrate Judge